## State Industrial Home for Women.

Schnader, Special Dep. Att'y-Gen., May 7, 1929.—We have your request to be advised whether the court which sentences a woman to the State Industrial Home for Women at Muncy has the right to release her on parole without consulting the board of trustees of the home.

The Act of June 19, 1911, P. L. 1055, which confers upon judges of Courts of Quarter Sessions and of Oyer and Terminer the right to parole prisoners, is limited in its scope to convicts "confined in the county jail or workhouse of their respective districts." This act has never been amended so as to confer upon judges of Quarter Sessions or of Oyer and Terminer the right to parole inmates of State institutions.

In addition, section 19 of the Act of July 25, 1913, P. L. 1311, specifically confers upon the Board of Trustees of the State Industrial Home for Women the right to parole inmates. In our judgment, the power of parole granted to the board by section 19 confers upon the board an exclusive power. No other agency has any right to parole any inmate of the home.

Accordingly, we advise you that the courts which sentence women to the State Industrial Home for Women do not have any power to parole them, either with or without the consent of the board of trustees of the home. Any order of parole issued by a judge is, in our opinion, void and should not be recognized by the board of trustees of the home.

From C. P. Addams, Harrisburg, Pa.